(No. 6039.  February 8, 1934.)

INDEPENDENT SCHOOL DISTRICT No. 6, TWIN FALLS COUNTY, IDAHO, Appellant, v. A. F. CRAVEN and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Corporation, Respondents.

[29 Pac. (2d) 753.]

Turner K. Hackman and O. W. Witham, for Appellant.

Chapman & Chapman and Frank T. Wyman, for Respondents.

MORGAN, J.—This is an action to recover $5,000 from A. F. Craven, formerly treasurer of appellant school district, hereinafter called the district, and $3,000 thereof from the surety on his bond (that being the amount of the bond) because of misappropriation and conversion of $5,000 of its money.  The action was tried to the court, without a jury.  At the close of the introduction of evidence on behalf of the district, both parties rested.  Judgment was for defendants, from which this appeal was taken.

The evidence shows that August 21, 1929, there was on deposit in the Bank of Hollister, hereinafter called the

bank, of which Craven was cashier, in his account as treasurer of the district, a sum of money in excess of $5,000, and that day $5,000 was charged against the account reducing it to that extent; that no warrant of the district, nor check against the account, in said amount, was to be found in the bank, no fund had been credited with that sum on its books, and that the school board did not authorize the withdrawal of it from the bank. The $5,000 appears to have been withdrawn from the checking account of Craven, as treasurer of the district, and cannot be traced by the bank's records.

Additional facts shown by the evidence, but not by the records in the bank, are that May 13, 1929, the board of trustees of the district adopted the following resolution:

"In as much as the Banks of the County pay four per cent. interest, compounded semi-annually, on sinking funds, Be It Resolved that our Treasurer be hereby instructed to deposit the Sinking Fund where it will draw no less than that amount."

August 21, 1929, the date on which $5,000 was charged against the checking account, the following motion was adopted by the board of trustees:

"Motion made and seconded that we deposit $5,000 of Sinking Fund with Bank of Hollister, at four per cent. annually, beginning October 1st, 1929."

Thereupon the bank issued the following document, written on a deposit slip blank:

"THE BANK OF HOLLISTER
Deposited By
Ind S D No 6
Hollister, Idaho, .... 192..
Rec'd from Ind No. 6   $5,000 00
To Draw Int at 4% from Oct 1st
1929
Original Deposit Ticket
Not Negotiable—Return with book for entry
THE BANK OF HOLLISTER
By .... AFC .........."

The following deposit slip was also introduced in evidence:

"THE BANK OF HOLLISTER

Deposited By

AFC Tres Ind #6

Hollister, Idaho, 12/1 1930

Sinking fund $5000 00

DUPLICATE DEPOSIT TICKET

Not Negotiable—Return with book for entry

THE BANK OF HOLLISTER

By .... AFC .........."

The testimony of the clerk of the district shows he received these documents from Craven; that he asked for and received the one last above quoted in order to be sure the money was still in the bank. He also testified the regular daily deposits bore interest at the rate of two per cent per annum.

The record further shows the bank was the legally designated public depository of the funds of the district; that it suspended business about the first of February, 1932, and its affairs were placed in the hands of a receiver, who permitted an auditor for the district to examine its records. It is also shown that the district made demand on respondents for the money sued for herein, and the demand was refused.

I. C. A., title 55, chapter 1, being sections 55–101 to 55–143, inclusive, contains our public depository law which is applicable to the district's funds here under consideration. That law, applied to the facts of this case, required the bank, before receiving deposit of the district's money, to give security for the repayment of it, and interest thereon, and there is nothing in the record to indicate this security was not given. At the time of the transactions here under consideration the law required the bank to pay interest on the district's money deposited with it at a rate to be fixed by the board of trustees of the district, but not less than two per cent per annum computed on the average daily balance.

I. C. A., sec. 55–136, is as follows:

"Where the treasurer in accordance with the terms and provisions of this chapter has deposited and kept on deposit any public moneys in designated depositories, he shall not be liable personally or upon his official bond for any public moneys that may be lost by reason of the failure or insolvency of any such depository."

The evidence does not show Craven misappropriated or converted the district's money, nor does it show it is not still in the bank. It shows the money sought to be recovered was withdrawn from the checking account by authority of the board of trustees of the district, and that the bank issued and delivered to the district documentary evidence that the former had received the money in question from the latter and that it was to bear interest at the rate of four per cent per annum. Evidence that the whole transaction was not disclosed by the bank's books does not prove loss of the district's money nor conversion of it by Craven.

The judgment is affirmed, with costs to respondents.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.

Petition for rehearing denied.